**In re James Kahl HOLTE, a/k/a Jim Holte and Gloria Jean Holte, f/k/a Gloria Nelson, Debtors.**

**Bankruptcy No. 6–87–417.**

United States Bankruptcy Court, D. Minnesota.

Feb. 3, 1988.

Henry Eslinger, Grand Forks, N.D., Trustee.

Richard Nelson, Grand Forks, N.D., Trustee.

Jerry P. Probst, Minneapolis, Minn., for debtors.

ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on December 15, 1987, on the trustee's objection to the Debtors' claimed exemption of certain property as earnings under MINN.STAT. § 550.37, Subd. 13. Henry J. Eslinger represents Richard L. Nelson, trustee; and Jerry P. Probst represents the Debtors. Based on arguments at the hearing and memoranda submitted by counsel, the Court now being fully advised in the matter hereby makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

This dispute is over the nature of certain post-petition payments under a prepetition Conservation Reserve Program Contract. The Debtors claim that the payments are subject to exemption under MINN.STAT. § 550.37, Subd. 13, as earnings within the meaning of MINN.STAT. § 571.55, Subd. 1. The trustee claims that the disputed payments are not earnings for purposes of the exemption statutes. The Court agrees with the trustee.

The Conservation Reserve Program (CRP) is a federal program administered by the Secretary of Agriculture for the following stated purposes: to (1) reduce water and wind erosion; (2) protect long-term ca-

pability to produce food and fiber; (3) reduce sedimentation; (4) improve water quality; (5) create better habitat for fish and wildlife through improved food and cover; (6) curb production of surplus commodities; and (7) provide needed income support for farmers. *See* 7 CFR § 704.1.

Qualified participating farmers enter into contracts with Commodity Credit Corporation (CCC) which provide for setting aside qualifying farm land for ten years. Pursuant to the contracts, the affected lands are taken out of agricultural commodity production during the contract period and, where appropriate, are subject to affirmative conservation treatment of various kinds to prevent soil erosion, etc. In return for committing the lands to the program and agreeing to implement the soil conservation measures, participating farmers are paid annual rent for the affected lands and are reimbursed a share of the conservation costs.

The Debtors entered such a contract with CCC in the Spring of 1987, setting aside 392 acres under the program. They filed under 11 U.S.C. Chapter 7 on September 2, 1987, and seek to exempt 75 percent of $10,115.20 still owing them by CCC at filing for 1987 payments under the contract.[1] The exemption is claimed under MINN. STAT. § 550.37, Subd. 13, as earnings.

Earnings, for purposes of the exemption, are defined by MINN.STAT. § 571.55, Subd. 1, as:

> ... compensation paid or payable for personal service or compensation paid or payable to the producer for the sale of agricultural products; livestock products; milk or milk products; or fruit or other horticultural products produced when the producer is operating a family farm, a family farm corporation or an authorized farm corporation, whether denominated as wages, salary, commissions, bonus or otherwise, and includes periodic payments pursuant to a pension or retirement program.

The Debtors claim that the disputed payments are the result of a personal service contract; are "compensation paid or payable for personal service"; and are exemptible earnings by statutory definition.

The Debtors' right to payment under the CRP contract was a contract right or general intangible. The fact that they had the obligation to secure certain conservation measures regarding the affected property did not make it a personal services contract; nor did the performance of that obligation make the payments compensation for personal services.

ACCORDINGLY, IT IS HEREBY ORDERED: No part of the 1987 entitlement existing under the CRP contract at filing is subject to exemption by the Debtors under MINN.STAT. § 550.37, Subd. 13, and the trustee's objection to the claimed exemption is hereby sustained.

---

**1.** Although the contract period is for the years 1987 to 1996, only the payments for 1987 are at issue in this proceeding.